The Honorable Charles L. Ormond State Representative 1500 View Street Morrilton, AR 72110-3725
Dear Representative Ormond:
You have requested an Attorney General opinion concerning school choice.
More specifically, you have asked:
 (1) If a pupil applies for school choice by April 17 of the year in which he plans to begin the fall semester at the nonresidential district and chooses not to exercise his right to choice and returns to his residential district in the fall, can he choose to leave to go to the nonresident district later that year, or must he forfeit that right to choice until he can make application in April to file for the fall semester of the next year?
 (2) Can nonresident districts pick up students inside the resident district if the resident district agrees and can the parent agree to let the bus come into the resident district if the resident district opposes?
Response
Question 1 — If a pupil applies for school choice by April 17 of the yearin which he plans to begin the fall semester at the nonresidentialdistrict and chooses not to exercise his right to choice and returns tohis residential district in the fall, can he choose to leave to go to thenonresident district later that year, or must he forfeit that right tochoice until he can make application in April to file for the fallsemester of the next year?
It is my opinion that state law does not currently explicitly address this question. (However, a bill that does explicitly address this issue pending before the current session of the General Assembly. See Senate Bill 772, which amends the School Choice Act to allow each school district to set a deadline for acceptance of students transferring under the act.) Current state law does, nevertheless, generally empower school districts to decide issues such as this one in the individual cases that affect them.
The Arkansas Public School Choice Act (A.C.A. § 6-18-206), as it is currently constituted, makes only two references to the semester in which students are to begin attending nonresident district schools. In both cases, the reference is to the fall semester. See, e.g., A.C.A. §6-18-206(b)(1). Neither of these references, however, involves the issue you have raised. Indeed that issue is not addressed at all in the Public School Choice Act. The Department of Education has not promulgated regulations to govern this issue either. Apparently, the scenario you have described simply was not envisioned by the General Assembly when it enacted the Public School Choice Act.
This is a gap in the Act that can only be clarified legislatively or through judicial interpretation.
Until such clarification has been rendered, however, it is my opinion that each school district has the general authority to decide such issues in the cases that affect them. The powers of school boards are set forth in A.C.A. § 6-13-620. The section of that statute that is pertinent to the scenario you have described states:
 The board of directors of each school district in the state shall be charged with the following powers and perform the following duties:
* * *
 (13) Do all other things necessary and lawful for the conduct of efficient free public schools in the district.
A.C.A. § 6-13-620.
The Arkansas courts have long interpreted this general statute as allowing school boards wide latitude in governing their districts. See,e.g., Safferstone v. Tucker, 235 Ark. 70, 72, 357 S.W.2d 3, 4 (1962);Isgrig v. Srygley, 210 Ark. 580, 197 S.W.2d 39 (1946). See alsoSpringdale Board of Education v. Bowman, 294 Ark. 66, 69, 740 S.W.2d 909,910 (1987); Leola School District v. McMahan, 289 Ark. 496, 498,712 S.W.2d 903, 905 (1986). The courts have further held that they will not substitute their judgment for that of a school board with regard to policy matters, unless the school board, in enacting the policy in question, abused its discretion or acted arbitrarily, capriciously, or contrary to law. Id. The court in Leola, supra, explained "arbitrary and capricious" action by a school board as being action that is not supportable "on any rational basis." Leola, 289 Ark. at 498,712 S.W.2d at 905. It should be noted that the party challenging the school board's policy has the burden of proving the board's abuse of discretion by clear and convincing evidence. Springdale, 294 Ark. at 69,740 S.W.2d at 910.
Given this wide discretion that the courts accord to school boards in governing their districts, it is my opinion that unless a challenger could factually establish that a school district's decision (concerning a public school choice scenario such as you have described) was arbitrary and capricious, the courts will uphold that decision. Martin v. Frazier,291 Ark. 120, 722 S.W.2d 835 (1987).
It is therefore my opinion that in the absence of legislative clarification (or judicial interpretation) of the Arkansas Public School Choice Act, the issue you have presented will be governed by the general public school law discussed above. Accordingly, the issue must be decided by each individual school district in the cases that come before them.
Question 2 — Can nonresident districts pick up students inside theresident district if the resident district agrees and can the parentagree to let the bus come into the resident district if the residentdistrict opposes?
It is my opinion that under the Arkansas Public School Choice Act, as it is presently constituted, nonresident districts can pick up students inside the resident district if either the parent or the resident district agrees.
The Act explicitly addresses this issue, stating:
 The nonresident district may provide transportation from the resident district's boundary or from a point agreeable with the parent or the resident district within either the resident or nonresident district to a school in the nonresident district[.]
A.C.A. § 6-18-206(c). (It should be noted that Senate Bill 772 does not amend this section of the School Choice Act.)
The above-quoted language is unambiguous. If the nonresident district wishes to do so,[1] it is plainly allowed to go into the student's resident district if either the parent or the resident district has agreed. The fact that a resident district opposes the nonresident district's coming into the resident district is irrelevant if the student's parent has agreed. The language quoted above clearly requireseither the parent's or the resident district's agreement — not both.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] Nonresident districts are not required to provide transportation for students who transfer in under the school choice program. A.C.A. §6-18-206(c).